UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN D., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 3:18-cv-5432 RJB-JRC <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT <br><br> NOTING DATE: February 1, 2019 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 10, 13, 14.

After considering and reviewing the record, the Court finds that the ALJ erred by painting the picture that plaintiff only suffered from mild to moderate mental impairments while failing to include probative evidence suggesting a greater level of impairment. For instance, the ALJ made note of plaintiff's normal gait, appropriate hygiene and good eye contact at a psychiatric appointment, while failing to include that the appointment took place while plaintiff

1  was hospitalized for four days because of suicidal ideation. The ALJ's written decision must
2  contain reasons for rejecting probative evidence favorable to plaintiff, and therefore the ALJ's
3  decision is not based on substantial evidence.  Because there are outstanding factual issues to be
4  determined, remand is the appropriate remedy.
5      Accordingly, this matter should be remanded to the Commissioner for further
6  proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. AR. 63, 76, 90.  Plaintiff's requested hearing was held before Administrative Law Judge Malcom Ross ("the ALJ") on November 21, 2017. AR. 30.  On January 22, 2018, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 7.

On April 3, 2018, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2018. Dkt. 1.  Defendant filed the sealed administrative record regarding this matter ("AR.") on August 13, 2018. Dkt. 8.

## BACKGROUND

Plaintiff, Megan D., was born in 1980 and was 34 years old on the alleged disability onset date of March 2, 2015. AR. 63.  Plaintiff has completed an associate's degree in accounting

1  and has a work history in accounting. AR. 35, 212-13. Plaintiff states that she stopped working

2  because her work environment was hostile and worsened her medical conditions. AR. 211.

3  According to the ALJ, plaintiff has at least the severe impairments of "major depressive

4  disorder, recurrent, with psychotic features; generalized anxiety; panic disorder; headaches; and

5  chronic obstructive pulmonary disease (COPD)." AR. 13.

6  At the time of the hearing, plaintiff was living with her parents and sister. AR. 41.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff filed her claim for disability benefits alleging primarily mental impairments including anxiety, depression, and panic disorder. In plaintiff's opening brief, plaintiff raises the following issue: "The ALJ's determination that Plaintiff's mental limitations are only moderate is based upon a very selective, and often false, reading of the longitudinal record." Dkt. 10, p. 1. Specifically, plaintiff states that the longitudinal record shows that her psychological symptoms are ongoing. Dkt. 10, p. 4. In the opening brief, plaintiff also challenges the ALJ's evaluation of plaintiff's symptom testimony. Dkt. 10, p. 4.

It is well-settled that "substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to

1  support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis*

2  *v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

3  substantial evidence supports the findings by the ALJ, the Court should "review the

4  administrative record as a whole, weighing both the evidence that supports and that which

5  detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)

6  (citing *Magallanes,* 881 F.2d at 750).

7        The Court must walk a fine line between reweighing the evidence and identifying

8  selectively weighed evidence. However, a proper weighing of the evidence by the ALJ must do

9  just that—weigh *all* evidence. This Court cannot find that an ALJ has properly weighed the

10  evidence when probative evidence is omitted from the ALJ's discussion of the evidence. *See*

11  *Flores v. Shalala,* 49 F.3d 562, 570-71 (9th Cir. 1995) (the Commissioner "may not reject

12  'significant probative evidence' without explanation . . . and the "ALJ's written decision must

13  state reasons for disregarding such evidence.") (internal quotations omitted).

14        The ALJ summarized a visit from July 23, 2015 citing exhibit 2F/158-160. *See* AR. 16,

15  471-73. The ALJ gave a thorough and accurate summary of plaintiff's mental status exam, which

16  included anxiety, sporadic panic attacks, anxious and depressed mood, and dysphoric affect, as

17  well as several normal findings. AR. 16. However, the ALJ did not address the practitioner's

18  assessment of plaintiff's functioning, which noted that she was isolative, unable to control her

19  emotions, had difficulty making decisions, poor stress tolerance, and unable to keep a regular

20  schedule. AR. 472. This psychiatrist also noted that plaintiff reported seeing shadows following

21  her and that plaintiff had recently engaged in cutting behaviors. AR. 471.

22        The ALJ summarized another of plaintiff's psychiatric visits on August 7, 2015, citing

23  exhibit 2F/140-142. *See* AR. 16, 453-455. Again, the ALJ gave a thorough and accurate

24

1  depiction of plaintiff's mental status exam, which showed moderate symptoms. AR. 16, 454.

2  However, the ALJ failed to discuss that plaintiff had also discussed with the psychiatrist her

3  hospitalization for suicide attempt the previous week stating that she had not intended to kill

4  herself. AR. 454, 456 (plaintiff evaluated from 7/31/2015-8/01/2015 due to overdose attempt,

5  taking 20-30 pills). Moreover, on the same page of the cited exhibit is a record of a telephone

6  encounter between plaintiff and the clinic on August 6, 2015, where plaintiff admits to thoughts

7  of cutting herself with a plan to cut herself on her thigh. AR. 455.  Therefore, although the

8  mental status exam showed moderate symptoms, the ALJ failed to discuss the severity of the

9  situation surrounding that appointment.

10      The ALJ's assessment of plaintiff's October 22, 2015 visit, citing exhibit 2F/112-115,

11  similarly described plaintiff's mental status exam. AR. 17, 425-28.  The ALJ noted that plaintiff

12  denied any present suicidal ideation, yet the ALJ overlooked the discussion of plaintiff's recent

13  suicide attempt three weeks prior. AR. 17, 425.  The ALJ also failed to note other symptoms that

14  would be favorable to plaintiff's claim, such as the practitioner's assessment that plaintiff had

15  impaired functioning, poor stress tolerance, and difficulty making decisions. AR. 426.  The ALJ

16  also overlooked a note on the same page of the cited record stating that plaintiff had been

17  referred to an intensive case management program due to her history of anxiety, depression, and

18  self-harm, and she was labeled as "High Risk." AR. 424-425.

19      The ALJ considered a February 29, 2016 emergency care visit noting that plaintiff

20  experienced suicidal ideation. AR. 17. The ALJ paints a positive picture of plaintiff noting that

21  she had no history of psychiatric admission, did not have chest pain or cough, and unremarkable

22  respiratory, musculoskeletal, and neurological exams. AR. 17.  However, the ALJ failed to note

1  that, in addition to her "emergency care" visit, she was hospitalized until March 4, 2016. AR.
2  363.
3  The ALJ again paints a positive picture of plaintiff's functioning on March 2, 2016,
4  stating that she has good hygiene, made appropriate eye contact, had a normal gait, was
5  cooperative, had intact cognition, memory, and concentration, and intact judgment. AR. 17.  The
6  ALJ makes no mention of the fact that plaintiff was hospitalized for suicidal ideation at this time.
7  AR. 370.  This Court cannot affirm an ALJ's decision as based on substantial evidence when the
8  ALJ only presents evidence in the written decision that supports a finding of non-disability.
9  Plaintiff also raises the issue that the ALJ erred in his evaluation of plaintiff's symptom
10 testimony, and this Court agrees. For example, the ALJ references plaintiff's trip to California
11 for her daughter's graduation as evidence of inconsistency between her daily activities and the
12 severity of her symptoms. AR. 20-21.  However, the hearing testimony shows that plaintiff also
13 testified that she was hospitalized the day after she returned from that trip. AR. 46, 842.  The
14 ALJ did not include this information in his written decision.
15 In sum, the ALJ did not include probative evidence favorable to plaintiff in his written
16 discussion. According to the Ninth Circuit, when an ALJ "improperly ignore[s] or discount[s]
17 significant and probative evidence in the record favorable to [a claimant's] position," the ALJ
18 "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See Hill v.*
19 *Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012). Furthermore, when the RFC is incomplete, the
20 hypothetical question presented to the vocational expert at step five is also incomplete, "therefore
21 the ALJ's reliance on the vocational expert's answers [is] improper." *See Hill,* 698 F.3d at 1162.
22 When the Commissioner does not determine a claimant's application properly, "'the
23 proper course, except in rare circumstances, is to remand to the agency for additional
24

investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Ninth Circuit has stated that when "neither the ALJ nor the vocational expert had the full picture before them, remand for further proceedings is particularly appropriate." *Harman v. Apfel,* 211 F.3d 1172, 1181 (9th Cir. 2000). Here, the ALJ omitted probative evidence both from his written decision, and his hypothetical to the vocational expert. Therefore, remand is the appropriate remedy.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 1, 2019, as noted in the caption.

Dated this 17th day of January, 2019.

J. Richard Creatura
United States Magistrate Judge